**Opinion issued July 17, 2025**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-24-00537-CV**

_____

**JAMES K. KEEL, Appellant**

**V.**

**DR. GREGORY DILLON, Appellee**

---

**On Appeal from the County Court at Law No. 3**
**Brazoria County, Texas**
**Trial Court Case No. CI66187**

---

## MEMORANDUM OPINION

Appellant James K. Keel, proceeding pro se, filed a notice of appeal challenging the trial court's order granting Appellee Dr. Gregory Dillon's plea to the jurisdiction.[1]

---

[1]  "Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would

Appellant's brief was originally due on October 23, 2024. On December 5, 2024, the Court granted Appellant's first motion for extension, extending the time in which to file his brief until January 6, 2025. On January 6, 2025, instead of filing his brief, Appellant filed a second motion for extension, which we granted on January 23, 2025, extending the time to file Appellant's brief until February 24, 2025. On February 24, 2025, instead of filing his brief, Appellant requested a third extension to file his brief. On March 25, 2025, we granted Appellant one last extension, extending the time in which to file his appellate brief to May 27, 2025. Our order stated that no further extensions would be granted, and we directed Appellant "to follow the requirements of Texas Rule of Appellate Procedure 38.1 in preparing and filing his brief." We notified Appellant that his appeal would be subject to dismissal for want of prosecution, without further notice, if he did not file his brief by the stated deadline. *See* TEX. R. APP. P. 38.8(a), 42.3(b), 43.2(f).

Appellant did not file his brief by the stated deadline. Instead, on May 27, 2025, Appellant filed a motion requesting "[R]econsideration In Granting a Further Extension of Time to File the Appellant Brief" stating it was "mentally and physically impossible" for him to give the brief his full attention and "present [the

---

benefit from an unfair advantage over parties represented by counsel." *Holliday v. Cook*, No. 12-25-00020-CV, 2025 WL 480834, at *1 n.1 (Tex. App.—Tyler Feb. 12, 2025, no pet.) (mem. op.).

brief] through the requirements of Texas Rule of [A]ppellate [P]rocedure." Despite receiving three prior extensions, Appellant requested that we reconsider the May 27 deadline and grant him another extension to file his brief.

Together with his motion, Appellant filed a document titled "Appellants Brief" in which Appellant states he is "only filing [it] because . . . perhaps it [wa]s better than not filing [anything] at all[.]" The filed brief does not comply with Texas Rules of Appellate Procedure nor does it address the challenged order. Rather, Appellant alleges that an employee of Appellee is "interfe[]ring with [Appellant's] attemp[t] to receive mental health treatment" and he requests "a few more month[s]" to file his brief. We thus construe Appellant's "brief" as a supplemental motion for extension to file his appellate brief.

We deny Appellant's motion for reconsideration and supplemental motion for extension. Because Appellant failed to file an appellate brief as directed by the Court's prior orders, we dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 38.6(a), 38.8(a), 42.3(b), (c), 43.2(f). Any remaining pending motions are denied as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.